07-5275-ag
Li v. Holder

BIA
Abrams, IJ
A097 485 231

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of June, two thousand ten.

PRESENT:
            RALPH K. WINTER,
            JOSÉ A. CABRANES,
            DEBRA ANN LIVINGSTON,
                        *Circuit Judges.*

_____

HONG MEI LI,
            *Petitioner*,

            v.                                 07-5275-ag
                                               NAC
ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,[1]
            *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, New York.

FOR RESPONDENT:        Gregory G. Katsas, Acting Assistant

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**Attorney General, Leslie McKay, Senior Litigation Counsel, Scott Rempell and Janice K. Redfern, Attorneys, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Hong Mei Li, a native and citizen of the People's Republic of China, seeks review of an October 31, 2007, order of the BIA, denying her motion to remand and affirming the October 24, 2005, decision of Immigration Judge ("IJ") Steven R. Abrams, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hong Mei Li*, No. A097 485 231 (B.I.A. Oct. 31, 2007), *aff'g* No. A097 485 231 (Immig. Ct. N.Y. City Oct. 24, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

**I.  Asylum and Withholding of Removal**

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *Xue Hong*

*Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the IJ's adverse credibility determination.  The IJ based that determination, in part, on Li's demeanor, finding that she "was at a loss" when asked questions that deviated from her asylum application.  We accord particular deference to such assessments of an applicant's demeanor.  *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  The IJ further noted Li's inconsistent testimony regarding the timing of her receipt of a fine certificate and who paid the fine.  As the IJ found, although Li testified that she received the certificate at the hospital following her forced abortion, her asylum application and her mother's letter state that she received it two days after her abortion.  Moreover, although Li testified that her parents paid the fine, the certificate indicates that Li paid the fine.  While minor and isolated discrepancies may be insufficient to support an adverse credibility determination, *see Diallo v. INS,* 232 F.3d 279, 288 (2d Cir. 2000), the multiple discrepancies

here were not isolated or minor, and they relate to events at the heart of Li's claim. The IJ also reasonably found it implausible that Li was unable to state her address in China because she lived there for thirteen years. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007). Furthermore, the IJ did not err in declining to credit the explanations Li offered for these discrepancies. *See Majidi*, 430 F.3d at 80-81.

Accordingly, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because the only evidence of a threat to Li's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precluded success on her claim for asylum and withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Li does not challenge the BIA's denial of her application for CAT relief.

**II. Motion to Remand**

On appeal to the BIA, Li claimed to fear sterilization in China because she had four U.S. citizen children. The BIA construed that claim as a motion to remand, and denied it. We review the BIA's denial of a motion to remand for abuse of

4

discretion. *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 157 (2d Cir. 2005). A motion to remand that relies on newly available evidence is held to the substantive requirements of a motion to reopen. *Id.* at 156. The movant's failure to submit previously unavailable material evidence or to establish a *prima facie* case for the underlying substantive relief sought are proper grounds on which the BIA may deny such a motion. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

The BIA reasonably found that Li could have presented her claim based on the birth of her children before the IJ. Indeed, at the time of the merits hearing, China's Population and Family Planning Law had already been enacted and Li had already given birth to four U.S. citizen children. However, Li did not claim before the IJ that the birth of her children placed her in danger, arguing instead that she feared returning to China because of her illegal departure. Li offers no support for her conclusory assertion that such evidence was not available to her. Li's failure to make this claim before the IJ was alone a proper basis to deny her motion to remand. *See id.*

To the extent Li argued that country conditions had changed, the BIA did not abuse its discretion in refusing to

5

remand on that basis. Contrary to Li's argument, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any material evidence that she submitted. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Moreover, the BIA did not err in finding that Li's evidence did not indicate a material change in the law or in the implementation of China's family planning policy because the evidence she submitted was the same or similar to that which this Court addressed in *Jian Hui Shao*. Accordingly, the BIA did not abuse its discretion in denying Li's motion to remand. *See Li Yong Cao,* 421 F.3d at 156-57.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk